**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KIMBERLY A. MCFADDEN, | ) | 3:24-CV-707 (SVN) |
| ADMINISTRATRIX OF THE ESTATE | ) | |
| OF MARGARET ERICKSON, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | June 8, 2026 |
| UNITED STATES OF AMERICA et al., | | |
| *Defendants*. | | |

**OMNIBUS RULING AND ORDER ON MOTIONS FOR RECONSIDERATION AND
CERTIFICATION FOR INTERLOCUTORY APPEAL**

Sarala V. Nagala, United States District Judge.

Currently pending before the undersigned are motions for reconsideration filed by Defendants Almost Family, Inc. and Raella Mercuri (together, "Defendants"), seeking reconsideration of the Court's prior orders at ECF Nos. 101 and 102, which denied Defendants' motions to amend their answers, ECF No. 101, and granted Plaintiff Kimberly A. McFadden's motion to preclude Almost Family from relying on certain time keeping records that it produced to Plaintiff by email on September 17, 2025, and September 24, 2025, ECF No. 102. *See* Motions, ECF Nos. 104–107. Defendants' motions also request that the Court certify its prior orders at ECF Nos. 101 and 102 for interlocutory appeal. Following an order permitting opposition briefing, Plaintiff has opposed Defendants' motions. *See* Pl.'s Opp. Briefs, ECF Nos. 108–110. Having considered the parties' briefing, the Court DENIES Defendants' motions for the reasons below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and recounts only those relevant to this ruling. The Decedent, Margaret Erickson, had received home health care from Defendant Almost Family, through its former employee Defendant Mercuri. Plaintiff has

now brought suit against Defendants and others as the administratrix of Erickson's estate, related to the home health care she received (or allegedly failed to receive).

On August 29, 2025, Almost Family filed a motion to amend its answer to add two additional affirmative defenses:  (1) a conditional defense that, even if Almost Family failed to provide services to Decedent and fraudulently concealed that fact, it cannot be liable for her resulting injuries because she allegedly participated in the fraud with Mercuri by falsely reporting that Mercuri was providing services; and (2) Decedent's own negligence contributed to her damages.  ECF No. 64 at 19–20.  On November 24, 2025, Mercuri followed suit and filed a motion to amend her answer, also seeking to add two affirmative defenses:  (1) a conditional defense that, even if Mercuri failed to provide services to Decedent, Decedent was contributorily negligent; and (2) Decedent consented to deviances from Mercuri's approved schedule.  ECF No. 79 at 20–21.

Following oral argument, the Court denied Defendants' motions for leave to amend as neither Defendant had satisfied the applicable standard under Federal Rule of Civil Procedure 16. ECF No. 101.  Specifically, Defendants failed to demonstrate sufficient diligence to establish "good cause" as their proposed affirmative defenses were supported by facts brought out in discovery that had been available to Almost Family as early as June 2024, and to Mercuri even earlier.  *Id.*  Further, granting leave to amend after the close of fact discovery would have been severely prejudicial to Plaintiff, requiring the expense of time and finances and the re-opening of discovery, further delaying resolution of this action.  *Id*.

Separately, on September 26, 2026, Plaintiff moved to preclude Almost Family from relying on electronic visit verification ("EVV") data produced by email on September 17, 2025, and September 24, 2025, at any trial in this action.  ECF No. 71.  While the motion was directed only to Almost Family, both Defendants opposed the motion.  ECF Nos. 86, 89.  The Court granted

Plaintiff's motion, finding that under Rule 37(c)(1), Almost Family's omission of the EVV data was not substantially justified and further, such omission was harmful to Plaintiff, who had constructed a deposition strategy around the data's non-existence.  ECF No. 102.  In light of this, the Court found that preclusion, despite being a harsh sanction, was warranted under Second Circuit precedent.  *Id.*

Defendants have now moved for reconsideration of both of the Court's orders.  As to the Court's order at ECF No. 101,  Almost Family argues that the Court failed to consider outcome-determinative caselaw and incorrectly failed to reach the question of whether Almost Family's proposed amended answer satisfied Federal Rule of Civil Procedure 15's futility standard; and that certification for interlocutory appeal is appropriate, as the Court's order, in its view, involves a controlling question of law on which there is substantial ground for difference of opinion and an immediate appeal would materially advance termination of the litigation.  ECF No. 104-1 at 6-12.  Mercuri makes these same arguments, and also argues that the Court failed to consider her additional affirmative defense based on comparative contributory negligence.  ECF No. 106-1 at 6-15.

As to the Court's order at ECF No. 102, Almost Family argues that the Court overlooked controlling law, *Hoffer v. Tellone*, 128 F.4th 433 (2d Cir. 2025), which requires a finding of intent before the imposition of sanctions under Rule 37(e)(2), that would lead to manifest injustice if left unaddressed.  ECF No. 105-1 at 6–8.  Almost Family further argues that certification for interlocutory appeal is appropriate.  *Id.* at 8–12.  Mercuri generally makes the same arguments in her motion.  ECF No. 107-1 at 7–17.  Plaintiff opposes both sets of motions.  ECF Nos. 109–110.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Local Rule 7(c) allows the filing of "[m]otions for reconsideration," but cautions that such motions "shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c)1. "The standard for granting [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* D. Conn. L. Civ. R. 7(c)1; *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up) (reconsideration warranted "only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted)).

### B. Certification of Order for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The term "question of law" refers to a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal citation omitted). And a question of law is "controlling" when (1) reversal of the district court's

4

opinion could result in dismissal of the action; (2) reversal of the district court's opinion, though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases. *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13-CV-5784 (CM), 2015 WL 585641, at *1 (S.D.N.Y. Feb. 10, 2015). Finally, to show that there is "substantial ground for difference of opinion," the moving party must show that there is conflicting authority on an issue or the case is particularly difficult and of first impression within the Second Circuit. *U.S. ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010). "Because the statute is strictly construed, all three criteria must be met for the district court to certify an order." *James v. Venture Home Solar, LLC*, 715 F. Supp. 3d 203, 217 (D. Conn. 2024).

Upon the issuance of such an order by the district court, the relevant Court of Appeals "may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order." 28 U.S.C. § 1292(b). "[U]se of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks and alterations omitted).

## III. DISCUSSION

Because Defendants have failed to demonstrate the need to correct a clear error to prevent a manifest injustice and otherwise cannot satisfy the requisite factors for this Court to certify its orders for interlocutory appeal, their motions must be denied.

### A. Court's Order on Motions for Leave to Amend, ECF No. 101

#### 1. *Reconsideration*

Defendants do not meet the stringent requirements for reconsideration of the Court's order on their motions for leave to amend.

First, the Court rejects Defendants' argument that the Court's citation to *F.D.I.C. v. Horn*, No. 12-CV-5958 (DRH) (AKT), 2015 WL 1611995, at *11–12 (E.D.N.Y. Apr. 8, 2015) was erroneous. Defendants isolate the Court's parenthetical descriptor for the *Horn* case from both the pin cite the Court provided, as well as the Court's preceding analysis, which established that Defendants were not diligent in pursing amendment of their answers, and thus could not establish good cause, regardless of whether fact discovery had closed. ECF No. 101. As the Court's pin cite clarifies, *Horn* explicitly held that the defendant there "failed to act diligently in moving to amend his Answer," where "he waited nearly seven months" to move to amend after discovering the information that formed the basis for his affirmative defense. *Horn*, 2015 WL 1611995, at *12. Moreover, *Horn*'s holding did not turn solely on the fact that discovery had closed; it was instead based on the defendant's lack of diligence, like the Court's holding here. And to be clear: the Court was under no misimpression about the timing of Defendants' motions to amend their answers. Indeed, it specifically noted that the proposed affirmative defenses were "introduced *very near the end* of now-closed fact discovery." ECF No. 101 (emphasis added). For these reasons, the Court did not improperly rely on *Horn*, and its citation to that case does not mandate reconsideration.

Second, Defendants do not actually argue that the Court's reliance on *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) was clear error; rather, they take issue with the Court's conclusion that allowing the belated amendments would have prejudiced Plaintiff. *Kassner* makes clear that a district court "may consider" prejudice to the non-moving party. *Id.* Here, Defendants—the *moving* parties—request that the Court also consider any prejudice a failure to allow amendment would cause *them*. This request is wholly distinct from *Kassner* and Defendants have provided no support in the law for their request. Defendants' contention is

6

precisely the type of second-bite argument that a L.R. 7(c) motion does not permit and, accordingly, the argument fails. *Analytical Surveys, Inc.*, 684 F.3d at 52.

Third, Defendants argue that the Court declined to reach whether their proposed amendments would satisfy Rule 15's standard, resulting in manifest error. To start, on the record, defense counsel agreed that Rule 16's good cause standard, not Rule 15's, governed this dispute. Feb. 24, 2026, Tr., ECF No. 118 at 6, 9.[1] Further, the Second Circuit has made clear that "where a party's motion to amend would require altering a court's scheduling order, the party 'must satisfy *both* Federal Rules of Civil Procedure 15 and 16 to be permitted to amend.'" *Int'l Techs. Mktg., Inc. v. Verint Sys.*, Ltd., 850 F. App'x 38, 43 (2d Cir. 2021) (summary order) (quoting *Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (emphasis in original)). Because Defendants failed to satisfy Rule 16's standard, the Court did not need to reach the question of whether they could satisfy Rule 15's standard, and thus there exists no clear error in this decision.

Finally, Mercuri independently argues that the Court committed clear error in failing to consider the fact that her second affirmative defense relied in part on Decedent's unwillingness to attend doctor's appointments, rather than the facts produced in discovery that the Court focused on in its order, and that the Court did not consider her request for leave to amend her answer itself. ECF No. 106-1 at 8–9. First, absent an affirmative indication in the record otherwise, a court is presumed to have considered all the evidence provided, even if such evidence is not explicitly addressed in a ruling. *See United States v. Russo,* 281 Fed. App'x. 43, 47 (2d Cir. 2008) (summary order) (collecting cases). The Court did consider Mercuri's arguments but ultimately found them unpersuasive. As to the first argument, Mercuri's reply in support of her motion seeking leave to

---

[1] The transcript of the hearing reflects that the undersigned stated on the record that the Court would analyze Defendants' motions for leave to amend "under Rule 15." Tr., ECF No. 118 at 6. The undersigned misspoke. It is clear from the preceding portions of the transcript that the Court understood the Rule 16 good cause standard to apply. Additionally, both Defendants agreed Rule 16's good cause standard was applicable. *Id.* at 6, 9.

amend includes an excerpt from the July 10, 2025, deposition of Rita Rohrberg, which allegedly demonstrates Erickson's refusal to seek medical care, contributing to her own harm. Rohrberg Depo. Tr., Ex. D., ECF No. 92-4 at 2–10. Assuming *arguendo* that this was the first time Mercuri became aware of these facts,[2] that still would not explain the further delay until November 25, 2025—even taking into account the stay of litigation during the federal government shutdown— to seek leave to amend her answer. Second, Mercuri's motion to amend focused wholly on her affirmative defenses and provided no legal support or separate argument for her request to amend her answer. *See* ECF No. 79. The moving party on a motion to amend must demonstrate good cause, *see Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014); as Mercuri failed to do so, the Court appropriately denied her requested relief.

In sum, Defendants' arguments for reconsideration are unpersuasive, and their motions are denied as to this request.

### 2. *Certification for Interlocutory Appeal*

Next, the Court finds that neither Defendant has established that certification of the Court's order at ECF No. 101 for interlocutory appeal is appropriate here. First, Defendants do not actually identify a controlling question of law that must be resolved. Defendants argue that the Court's order implicates the legal question of what standard governs the "good cause" analysis under Rule 16. ECF Nos. 104-1 at 8; 106-1 at 10–11. But this framing does not turn what is—at best—a mixed question of fact and law into a pure question of law that the Second Circuit could address "quickly and cleanly without having to study the record." *Capitol Recs., LLC*, 972 F. Supp. 2d at 551. To start, the "good cause" standard and what factors a court may consider in determining

---

[2] The Court notes that the United States' answer to Plaintiff's amended complaint, filed on November 11, 2024, raised Erickson's alleged comparative fault as an affirmative defense, alerting Mercuri—whether through her former or current counsel—to the possibility of such a defense very early on in this action. U.S. Answer, ECF No. 33 at 6.

whether it has been satisfied is clear under Second Circuit law; Defendants instead take issue with how the Court has applied the standard *as to them*. Accordingly, Defendants have not identified an issue of law, much less a controlling one. Quite the opposite: the issues raised by the motions to amend, and Court's ruling, were highly fact-specific.

Because Defendants cannot satisfy the threshold criteria for certification of the Court's order for interlocutory appeal, the Court need not reach the other factors. *See Venture Home Solar, LLC*, 715 F. Supp. 3d at 217. Nevertheless, the Court addresses them for good measure, and finds that Defendants fail to satisfy the remaining two criteria as well. As to the second criteria— substantial ground for difference of opinion—Defendants point to no conflicting authority on the supposed "genuine strain" between the need to raise affirmative defenses early in the litigation and a party's ability to reasonably wait for a fuller evidentiary record before moving to add an additional affirmative defense, nor do they contend that it is a particularly difficult issue or one of first impression. ECF No. 104-1 at 9–10; 106-1 at 12–13; *see also U.S. ex rel. Drake*, 736 F. Supp. 2d at 503 ("Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong.") (internal citation omitted). Defendants fall far short of carrying their burden.

Finally, interlocutory appeal would not shorten the length of this litigation; it would do the opposite. If the Court certified its order for interlocutory appeal and was upheld by the Second Circuit, any ultimate resolution would have been needlessly delayed. Resolution by the Second Circuit, in other words, would not "advance the ultimate termination of the litigation." *Venture Home Solar, LLC*, 715 F. Supp. 3d at 219.

Because Defendants have failed to establish that reconsideration of the Court's order at ECF No. 101 or certification of it for interlocutory appeal is appropriate, Defendants' motions at ECF Nos. 104 and 106 are denied.

### B.  Court's Order on Plaintiff's Motion to Preclude, ECF No. 102

#### 1.  *Reconsideration*

Defendants make one primary argument for reconsideration of the Court's order at ECF No. 102:  they argue that the Court committed clear error in failing to consider *Hoffer v. Tellone*, 128 F.4th 433, 436–37 (2d Cir. 2025), cited in Almost Family's original briefing.  ECF Nos. 105-1 at 7–8; 107-1 at 8–11.  *Hoffer* requires that, in order to impose a sanction for spoliation of discovery against a party pursuant to Rule 37(e)(2), the Court must find the party intended to deprive the opposing party of the "lost information."  128 F.4th at 436–37.  But the Court's order at ECF No. 102 makes *no* mention of Rule 37(e)(2)'s possible sanctions for spoliation of discovery; rather, the Court's order clearly imposed a sanction permitted under Rule 37(b)(2)(A), and applied the four-factor test for whether it could impose a sanction under Rule 37 generally, rather than analyzing the irrelevant intentionality standard required under Rule 37(e)(2).[3]  To the extent the Court mistakenly referenced Rule 37(e) in its order, this was a mere typographical error that is insufficient to contradict the weight of the Court's analysis otherwise.[4]  Further, it is clear that Rule 37(e) *could not* apply here, as the EVV data was not "lost" without the ability to "be restored or replaced through additional discovery"; indeed Almost Family—belatedly—produced

---

[3] The Court also notes that its chosen sanction, preclusion of the evidence at trial, is not one of the permissible sanctions listed under Rule 37(e)(2).

[4] Even Defendants' own briefing seems to acknowledge that the Court's imposition of sanctions was not pursuant to Rule 37(e)(2). *See* ECF No. 105-1 at 8 ("The Court's Order precluding Almost Family from introducing EVV data at trial involves a controlling question of law regarding the proper application of Rule 37(c)(1) sanctions"); ECF No. 107-1 at 12 ("the Order raises the legal question of whether the extreme sanction of preclusion is appropriate under Rule 37(c)(1)").

the EVV data to Plaintiff in September of 2025. ECF No. 101. Thus, *Hoffer* is wholly inapplicable to this action, and there was no need for the Court to address it in the first place.

Mercuri also argues that the Court failed to consider lesser sanctions than preclusion. *See* ECF No. 107-1 at 9. Not so. The Court's order explicitly considered this issue, and held that "lesser sanctions would not carry the same efficacy here" for various reasons. *See* ECF No. 102.

Accordingly, Defendants' motions for reconsideration of the Court's order precluding use of the timekeeping EVV data at trial are denied. The Court will direct the Clerk of Court to correct the errant reference to Rule 37(e) in the Court's order at ECF No. 102 to instead refer to Rule 37(b)(2)(A).

### 2. Certification for Interlocutory Appeal

Defendants' arguments in support of certification of the Court's order at ECF No. 102 for interlocutory appeal fare no better. The Court is utterly confused by Almost Family's assertion that "whether the extreme sanction of preclusion is appropriate under Rule 37(c)(1) when the delayed production of evidence resulted from a system changeover that made the data temporarily inaccessible, the evidence was ultimately produced during the discovery period, and the producing party offered to mitigate any prejudice by paying for re-noticed depositions and providing an authenticating witness" is a "legal question." *See* ECF No. 105-1 at 8. By its very framing, Almost Family acknowledges that the question is highly fact-dependent. Indeed, there appears to be *no* legal question in its formulation whatsoever, much less a controlling one. Accordingly, Defendants fail to satisfy the first criteria under 28 U.S.C. § 1292(b).

Again, because Defendants cannot satisfy the initial criterion under 28 U.S.C. § 1292(b), the Court need not address the other criteria, *see Venture Home Solar, LLC*, 715 F. Supp. 3d at 217, but even doing so, Defendants' other arguments are not meritorious. As to the second criteria, because Defendants have failed to identify a controlling question of law, they necessarily cannot

prove a substantial ground for a difference of opinion as to that controlling question of law. And even assuming Defendants had properly identified a controlling question of law, Defendants argue only that courts may differ in how they weigh and apply the four factors identified in *J.C. v. Zimmerman,* 150 F.4th 136, 146 (2d Cir. 2025). ECF Nos. 105-1 at 9–10; 107-1 at 13–15. That courts can differ on how to apply a four-factor balancing test is painfully obvious, and indeed inherent in the very nature of a balancing test. This argument amounts to no more than a contention that "the court's ruling was wrong," and cannot justify grounds for interlocutory appeal—lest every district court's different application of the *Zimmerman* factors become fertile grounds for interlocutory appeals. *U.S. ex rel. Drake,* 736 F. Supp. 2d at 503. Finally, it is unclear whether resolution of Defendants' supposed controlling question of law would "materially advance" the ultimate termination of the litigation. Instead, it is all but certain a trip to the Second Circuit and back would further delay these proceedings.

Because Defendants have failed to establish that reconsideration of the Court's order at ECF No. 102 or certification of it for interlocutory appeal is appropriate, Defendants' motions at ECF Nos. 105 and 107 are denied.

## IV.    CONCLUSION

For the reasons contained herein, Defendants Almost Family's and Mercuri's motions for reconsideration of the Court's orders at ECF Nos. 101 and 102 and requesting certification of those orders for interlocutory appeal are DENIED. The Clerk of Court is directed to correct the Court's

order at ECF No. 102, to replace the reference to "37(e)" with "37(b)(2)(A)."


        **SO ORDERED** at Hartford, Connecticut, this 8th day of June, 2026.


                 */s/ Sarala V. Nagala*
                 SARALA V. NAGALA
                 UNITED STATES DISTRICT JUDGE